IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**AUSTIN LEE GOSSETT,**

                      **Petitioner,**

        v.                                  CASE NO. 18-3114-SAC

**DON LANGFORD**[1],

                      **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and his fee status is pending. The Court has conducted an initial review of the petition as directed by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and enters the following order.

**Background**

    Petitioner was convicted on his no contest plea in the District Court of Crawford County, Case No. 16CR137G. In September 2017, he was sentenced to a term of 96 months. In this action, he alleges he was denied access to legal counsel, that the chain of custody was not followed during the criminal investigation, and that his counsel provided ineffective assistance. The petition reflects that petitioner did not file a direct appeal or seek post-conviction relief.

**Analysis**

    A state prisoner seeking habeas corpus relief "is generally

---

[1] The Court substitutes Warden Don Langford as the respondent in this action. See Rule 2(a), Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state-court judgment the petition must name as respondent the state officer who has custody.").

required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Under 28 U.S.C. § 2254(b)(1), a petition may not be granted unless it appears that the petitioner has exhausted state remedies or that no adequate state remedies are available or adequate to provide relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Exhaustion requires the prisoner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In Kansas, the requires the prisoner to present claims presented in a post-conviction action in the district court and then to both the Kansas Court of Appeals and the Kansas Supreme Court. The petitioner has the burden to show exhaustion of available state court remedies for each claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Because it does not appear that petitioner has exhausted the claims he presents in his habeas corpus petition, the Court will direct him to show cause why this matter should not be dismissed without prejudice to allow him to do so.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is directed to show cause on or before May 25, 2018, why this matter should not be dismissed without prejudice to allow him to exhaust his claims in the state courts.

**IT IS SO ORDERED.**

DATED:  This 4th day of May, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge